UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO.  16-109 |
| RICKEY ROBERSON<br>ADA CRAIGE-ROBERSON | SECTION "N" (3) |

## <u>ORDER AND REASONS</u>

Before the Court is the Government's Motion in Limine to Exclude Improper Evidence at Trial (Rec. Doc. 78), to which two memoranda in opposition were filed (Rec. Doc. 90 and 91). The Court rules on this motion as stated herein.

In its motion, the Government seeks an order prohibiting the defendants from:

A.  referencing professional or personal "good acts" performed by the defendants;

B.  eliciting testimony regarding self-serving hearsay statements, which the defendants made to third parties;

C.  attempting to use reports authored by law enforcement agents to impeach the Government's witnesses at trial;

D.  referring to the penalties faced by the defendants or the hardships that the defendants' convictions would impose on their families or others;

E.  attempting to elicit expert testimony regarding the defendants' state of mind; and

F.  introducing evidence or arguments regarding race or prosecutorial motives.

(*See* Rec. Doc. 78-1, pp. 1-2.)

The defendants agree with, and thus do not oppose, the Government's position with regard to items "D" and "F." Therefore, the Government's motion is **GRANTED** as to these two items: (1) counsel shall be prohibited from referencing any penalties faced by the defendants or any hardships that conviction of a defendant would impose on his or her family or others; and (2) counsel shall also be prohibited from introducing evidence or making any arguments or reference regarding race or prosecutorial motives.  As for the other items in the Government's motion, the Court rules as follows:

**1.  Professional or Personal "Good Acts" Performed by the Defendants**

With regard to the Government's listed item "A", the Court **GRANTS IN PART AND DENIES IN PART** the motion.   In the Indictment, the Government charges that the defendants, operating a non-profit entity known as "Alternatives Living, Inc.," received federal Community Development Block Grants ("CDBG") awarded by the U.S. Department of Housing and Urban Development ("HUD") intended to be used to provide rental housing and individualized services to people with severe disabilities.  The Government does not maintain that *all* funds received by the defendants were abused and spent on illegitimate personal items and leisure activities for the defendants.  It is difficult to imagine a trial involving this subject matter that would not potentially include a defense that the subject expenses were indeed legitimately spent on "good acts," such as ameliorating hardships experienced by people with severe disabilities, rather than for personal, inappropriate and/or illegal purposes.   Therefore, to the extent the defendants refute the Government's accusation that specific expenditures were illegitimate by arguing that these expenditures were for the benefit of disabled persons, the motion is **DENIED**.

On the other hand, the Court **GRANTS** the Government's motion to the extent the defendants would attempt to elicit testimony of extrinsic personal or professional "good acts" unrelated to the charges made by the Government. The Court notes that the Government's charges are specific as to illegitimate expenditures, and it therefore can be understood by a reasonable juror that other sums received by Alternatives Living, Inc. are not part of the Indictment, and thus were spent on legitimate, or arguably legitimate, services. The defendants will not be permitted to elicit testimony in general on these legitimate expenses and any benefits provided by them utilizing such funds, or any other "good acts" they claim to have performed.

##### 2. Self-Serving Hearsay Statements Which the Defendants Made to Third Parties

The Government's motion with regard to item "B" is **GRANTED**, unless that particular defendant testifies at trial. The defendants shall not be allowed to elicit testimony of third party witnesses for the purpose of relating a self-serving exculpatory statement made by that defendant. *See Williamson v. United States,* 512 U.S. 594, 598, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994); *United States v. Ford,* 761 F.3d 641, 652 (6th Cir. 2014).

##### 3. Reports Authored by Law Enforcement Agents Used to Impeach the Government's Witnesses at Trial

As for item "C" in the Government's motion, a ruling on this matter is **REFERRED TO TRIAL**. The Government speculates that law enforcement agents and auditors from the Louisiana Legislative Auditor's Office may be called as witnesses, or their reports may be used by defense counsel to cross examine other witnesses. While the Court will permit a witness to be examined as to a report he/she prepared, the Court will not allow purported witness statements recorded by a third party to be used to impeach that witness, unless specifically adopted by that witness. While a witness may be questioned about the fact that he or she made a statement to an agent who

prepared a report, such witness cannot be impeached with the writings of a third party who purportedly accurately memorialized or summarized that witness's statements as a result of a prior interview.

**4. Expert Testimony Regarding the Defendants' State of Mind**

As to item "E" in the Government's motion, the Court **GRANTS** the motion. Specifically, the Court will not permit an expert to opine on the ultimate element of intent, which is the exclusive province of the jury. The Court will provide instructions to the jury regarding requisite intent, and thus the jury can, from all of the evidence and circumstances present, using permissible deductive reasoning and common sense, determine whether either of the defendants intentionally misspent or misapplied funds. *See* Fed. R. Evid. 704(b).

Therefore, for the foregoing reasons, the Government's motion is **GRANTED IN PART AND DENIED IN PART**, as set forth herein.

New Orleans, Louisiana, this 6th day of September 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**